## IN THE UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF ARKANSAS
## PINE BLUFF DIVISION


IRA F. WEST                                                        Plaintiff

v.                                    5:07CV00317 WRW/HLJ

MICHAEL J. ASTRUE,
Commissioner, Social
Security Administration,                                          Defendant

## PROPOSED FINDINGS AND RECOMMENDED DISPOSITION

### INSTRUCTIONS

      This recommended disposition has been submitted to United States
District Judge William R. Wilson.   The parties may file specific
objections to these findings and recommendations and must provide the
factual or legal basis for each objection.   The objections must be
filed with the Clerk no later than eleven (11) days from the date of
the findings and recommendations.   A copy must be served on the
opposing party.   The District Judge, even in the absence of
objections, may reject these proposed findings and recommendations in
whole or in part.

### RECOMMENDED DISPOSITION

      Plaintiff, Ira F. West, has appealed the final decision of the
Commissioner of the Social Security Administration to deny his claim
for Supplemental Security Income, based on disability.   Both parties
have submitted appeal briefs and the case is ready for decision.

      The Court's function on review is to determine whether the
Commissioner's decision is supported by substantial evidence on the
record as a whole and free of legal error.   Long v. Chater, 108 F.3d

185, 187 (8th Cir. 1997); <u>see also</u>, 42 U.S.C. § 405(g).  Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.  <u>Richardson v. Perales</u>, 402 U.S. 389, 401 (1971); <u>Reynolds v. Chater</u>, 82 F.3d 254, 257 (8th Cir. 1996).

In assessing the substantiality of the evidence, the Court must consider evidence that detracts from the Commissioner's decision as well as evidence that supports it; the Court may not, however, reverse the Commissioner's decision merely because substantial evidence would have supported an opposite decision.  <u>Sultan v. Barnhart</u>, 368 F.3d 857, 863 (8th Cir. 2004); <u>Woolf v. Shalala</u>, 3 F.3d 1210, 1213 (8th Cir. 1993).

"Disability" is the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months."  42 U.S.C. § 423(d)(1)(A).  A "physical or mental impairment" is "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques."  42 U.S.C. § 423(d)(3).

Plaintiff alleged that he was limited in his ability to work by hepatitis B and C and drug abuse.  (Tr. 93)  The Commissioner found that he was not disabled within the meaning of the Social Security Act.  The only issue before this Court is whether the Commissioner's decision that Plaintiff was not disabled within the meaning of the

Act is supported by substantial record evidence.

After conducting an administrative hearing at which Plaintiff and his wife testified, the Administrative Law Judge[1] (ALJ) concluded that Plaintiff had not been under a disability within the meaning of the Social Security Act at any time through April 26, 2006, the date of his decision. (Tr. 23) On November 30, 2007, the Appeals Council denied Plaintiff's request for a review of the ALJ's decision, making the ALJ's decision the final decision of the Commissioner. (Tr. 4-6) Plaintiff then filed his complaint initiating this appeal. (Docket #2)

After consideration of the record as a whole, the Court finds that the decision of the Commissioner is supported by substantial evidence.

Plaintiff was 51 years old at the time of the hearing. (Tr. 598) He has a General Equivalency Diploma. (Tr. 99, 598) He has no past relevant work. (Tr. 21)

The ALJ considered Plaintiff's impairments by way of the required five-step sequential evaluation process. The first step involves a determination of whether the claimant is involved in substantial gainful activity. 20 C.F.R. § 416.920(a)(4)(i) (2005). If the claimant is, benefits are denied, regardless of medical condition, age, education or work experience. Id. at § 416.920(b).

Step 2 involves a determination of whether the claimant has an impairment or combination of impairments which is "severe" and meets the duration requirement. Id. at § 416.920(a)(4)(ii). If not,

---

[1]The Hon. David J. Manley.

3

benefits are denied.  Id.  A "severe" impairment significantly limits a claimant's ability to perform basic work activities.  Id. at § 416.920(c).

Step 3 involves a determination of whether the severe impairment(s) meets or equals a listed impairment.  Id., § 416.920(a)(4)(iii).  If so, and the duration requirement is met, benefits are awarded.  Id.

If the claimant does not meet or equal a Listing, then a residual functional capacity assessment is made.  Id., § 416.920(a)(4).  This residual functional capacity assessment is utilized at Steps 4 and 5.  Id.

Step 4 involves a determination of whether the claimant has sufficient residual functional capacity to perform past relevant work.  Id., § 416.920(a)(4)(iv).  If so, benefits are denied.  Id.

Step 5 involves a determination of whether the claimant is able to make an adjustment to other work, given claimant's age, education and work experience.  Id., § 416.920(a)(4)(v).  If so, benefits are denied; if not, benefits are awarded.  Id.

The ALJ found that Plaintiff had not engaged in substantial gainful activity since his alleged onset date.  (Tr. 19)  He found that Plaintiff had "severe" impairments, mild chronic obstructive pulmonary disease and hepatitis B and C with normal liver functioning.  Id.  He found that Plaintiff did not have an impairment or combination of impairments that met or equaled a Listing.  (Tr. 21)  He judged that Plaintiff's subjective allegations of pain and limitation, as they affect his ability to work, were not credible.

Id.

The ALJ found that Plaintiff retained the residual functional capacity for medium work which did not expose him to concentrated air pollutants.  Id.  He found that he had no past relevant work.  Id.  The ALJ correctly noted that, once Plaintiff was determined to have no past relevant work, the burden shifted to the Commissioner to show a significant number of jobs within the economy that he could perform, given his residual functional capacity, age and education.  Id.  The ALJ applied Plaintiff's vocational profile and the residual functional capacity which he had found, and established that Rule 203.14, Table No. 3, Appendix 2, Subpart P, Regulations No. 4 directed a finding of not disabled.  (Tr. 21-22)  Consequently, the ALJ concluded that Plaintiff was not disabled.  Id.

Plaintiff argues that the ALJ improperly relied on the Medical-Vocational Guidelines to find that he was not disabled because of his nonexertional impairments: chronic back pain, hand pain, obesity and shortness of breath (Br. 12-14) and that the ALJ erred in not finding those impairments severe (Br. 14-15).

> Generally, if the claimant suffers from nonexertional impairments that limit her ability to perform the full range of work described in one of the specific categories set forth in the guidelines, the ALJ is required to utilize testimony of a vocational expert. Groeper v. Sullivan, 932 F.2d 1234, 1235 n. 1 (8th Cir. 1991).  In those instances, the ALJ cannot rely exclusively on the guidelines to direct a conclusion of whether claimant is "disabled" or "not disabled." Thompson v. Bowen, 850 F.2d 346, 349 (8th Cir. 1988).  Instead, testimony of a vocational expert must be taken.  Groeper, 932 F.2d at 1235.  The exception to this general rule is that the ALJ may exclusively rely on the guidelines even though there are nonexertional impairments if the ALJ finds, and the record supports the finding, that the nonexertional impairments do not significantly diminish the claimant's RFC to perform the full range of activities

listed in the guidelines.   <u>Thompson</u>, 850 F.2d at 349-350
(emphasis added).

<u>Reed v. Sullivan</u>, 988 F.2d 812, 816 (8th Cir. 1993)(emphasis in

original); <u>accord</u>, <u>McGeorge v. Barnhart</u>, 321 F.3d 766, 768-69 (8th

Cir. 2003); <u>Holley v. Massanari</u>, 253 F.3d 1088, 1093 (8th Cir. 2001);

<u>Holz v. Apfel</u>, 191 F.3d 945, 947 (8th Cir. 1999).

## Chronic Back Pain

Plaintiff testified that he had pain medication for his back and
it relieved his pain.  (Tr. 606-07)  He testified that he only took
about six of the pain pills every month.  (Tr. 607)  A general
physical examination revealed full range of motion in his spine and
all extremities.  (Tr. 105)  He had no spasm and straight leg raising
was normal.   <u>Id.</u>   The examining physician noted that he had no
limitation in his ability to walk, stand, sit or carry.  (Tr. 109)
The ALJ found that Plaintiff did not have a severe[2] back impairment.
(Tr. 20)  Substantial evidence supports the ALJ's finding.

## Hand Pain

A general physical examination revealed full range of motion in
his shoulders, elbows, wrists and hands.  (Tr. 105)  He could hold a
pen and write, touch fingertips to palms, oppose thumb to forefingers
and pick up a coin; he had no limitation in his grip strength.  (Tr.
106)  The ALJ noted that he had undergone surgery to correct his
finger problem.  (Tr. 19, 525-26))  He had no limitation in his

---

[2]A "severe" impairment is one that significantly limits a claimant's
physical or mental ability to do basic work activities.  <u>Gwathney v.
Chater</u>, 104 F.3d 1043, 1045 (8th Cir. 1997); <u>Browning v. Sullivan</u>,
958 F.2d 817, 821 (8th Cir. 1992); 20 C.F.R. § 416.920(c) (2005).  It
has "more than a minimal effect on the claimant's ability to work."
<u>Hudson v. Bowen</u>, 870 F.2d 1392, 1396 (8th Cir. 1989).

ability to carry, handle or finger.  (Tr. 108)  The ALJ found that
his one-time finger problem was not a severe impairment.  (Tr. 19-20)
Substantial evidence supports that determination.

### Obesity

Significantly, Plaintiff did not claim disability based on
obesity in his application for benefits or at the administrative
hearing.  Box v. Shalala, 52 F.3d 168, 171 (8th Cir. 1995).  More
importantly, there is no evidence in the record that Plaintiff's
obesity imposed any limitations on his ability to work.  Id.; see
Forte v. Barnhart, 377 F.3d 892, 896 (8th Cir. 2004)(although
treating doctors noted claimant was obese and should lose weight,
none suggested obesity imposed additional work-related limitations,
and claimant did not testify that obesity imposed additional
restrictions).  In fact, Plaintiff testified that, although he
regained the weight that he had lost, that he had had no problem.
(Tr. 613)  Substantial evidence support the ALJ's treatment of
Plaintiff's obesity.

### Shortness of Breath

The ALJ noted Plaintiff's chronic obstructive pulmonary disease,
and also noted that his smoking exacerbated it and that Plaintiff
continued to smoke despite repeated admonitions from doctors to quit.
(Tr. 20-21)  The ALJ acknowledged his breathing problem, but
determined that he could nevertheless work except where there was
concentrated exposure to air pollutants.  (Tr. 21)  That restriction
would not preclude reliance on the Medical-Vocational Guidelines.
"Where a person has a medical restriction to avoid excessive amounts

of noise, dust, etc., the impact on the broad world of work would be minimal because most job environments do not involve great noise, amounts of dust, etc." Social Security Ruling 85-15, at 8 ("Titles II and XVI: Capability to do Other Work– the Medical-Vocational Rules as a Framework for Evaluating Solely Nonexertional Impairments").

The record firmly supports the ALJ's finding that Plaintiff had no nonexertional impairment that significantly affected his residual functional capacity to perform a full range of medium work activities.

Plaintiff's argument places undue emphasis on the distinction between impairments that are "severe" and those that are not. Once a claimant gets past the Step 2 threshold of having a "severe" impairment, the ALJ considers all impairments, including those that are less than "severe," in determining the claimant's residual functional capacity. 20 C.F.R. § 416.945(e) (2005); Social Security Ruling 96-8p, at 5.

Finally, Plaintiff contends that the ALJ erred by substituting his opinion for that of his treating physicians. (Br. 16-17) However, he fails to identify what treating physician's opinion he thinks the ALJ substituted his own opinion for. Id. Such a failure to cite to the record in support of an argument is waiver of the argument.

> [W]e see no reason to abandon the settled appellate rule that issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not enough merely to mention a possible argument in the most skeletal way, leaving the court to do counsel's work, create the ossature for the argument, and put flesh on its bones. As we recently said in a closely analogous context: "Judges are not expected to

> be mind[]readers.    Consequently, a litigant has an
> obligation 'to spell out its arguments squarely and
> distinctly,' or else forever hold its peace."

United States v. Zannino, 895 F.2d 1, 17 (1st Cir. 1990), cert. denied, 494 U.S. 1082 (1992)(citations omitted); accord, Vandenboom v. Barnhart, 421 F.3d 745, 750 (8th Cir. 2005) (rejecting out of hand conclusory assertion that ALJ failed to consider whether claimant met Listings because claimant provided no analysis of relevant law or facts regarding Listings); Murrell v. Shalala, 43 F.3d 1388, 1389 n.2 (10th Cir. 1994) (perfunctory complaint fails to frame and develop issue sufficiently to invoke appellate review); Hartmann v. Prudential Ins. Co. of America, 9 F.3d 1207, 1212 (7th Cir. 1993) (failure to press a point, even if mentioned, and to support it with proper argument and authority forfeits it) (Posner, C.J.); SEC v. Thomas, 965 F.2d 825, 827 (10th Cir. 1992) (it is obligatory that appellant claiming error as to factual determination provide court with essential references to record to carry burden of proving error); Leer v. Murphy, 844 F.2d 628, 635 (9th Cir. 1988) (issues raised in brief which are not supported by argument are deemed abandoned).

It is not the task of this Court to review the evidence and make an independent decision.  Neither is it to reverse the decision of the ALJ because there is evidence in the record which contradicts his findings.  The test is whether there is substantial evidence on the record as a whole which supports the decision of the ALJ.   E.g., Mapes v. Chater, 82 F.3d 259, 262 (8th Cir. 1996); Pratt v. Sullivan, 956 F.2d 830, 833 (8th Cir. 1992).

The Court has reviewed the entire record, including the briefs, the ALJ's decision, the transcript of the hearing and the medical and other evidence.   There is ample evidence on the record as a whole that "a reasonable mind might accept as adequate to support [the] conclusion" of the ALJ in this case.  Richardson v. Perales, 402 U.S. at 401; see also Reutter ex rel. Reutter v. Barnhart, 372 F.3d 946, 950 (8th Cir. 2004).   The Commissioner's decision is not based on legal error.

THEREFORE, the Court hereby affirms the final determination of the Commissioner and dismisses Plaintiff's complaint with prejudice.

IT IS SO ORDERED.

DATED this 5th day of February, 2009.


_Henry L. Jones, Jr._
UNITED STATES MAGISTRATE JUDGE

10